PER CURIAM.
In a jury trial in the civil court of record in Dade County, the trial judge refused to accept a verdict rendered for the defendant and announced a mistrial. Later, after hearing a motion by the defendant to enter judgment on the verdict and a motion by plaintiff for mistrial, the court denied the former and granted the latter. That order was as follows:
“This Cause having come on upon Plaintiff’s Motion for Entry of Order of Mistrial and Defendant’s Motion to Affirm Jury Verdict, and the Court having heard argument of counsel and being advised in the premises, upon consideration thereof, it is
“Ordered and Adjudged that plaintiff’s motion be granted and defendant's motion be denied and the trial of the within Cause had on February 8, 1962 be and the same is hereby declared a mistrial. It is further,
“Ordered and Adjudged that the Plaintiff may proceed to a new trial in this Cause upon the filing of a notice of trial within the time prescribed by law.”
 The nature and effect of the above order was to grant a new trial. No ground was given by the trial court for rejecting the verdict and allowing a new trial. The order is appealable under § 59.04, Fla.Stat., F.S.A. Under § 59.07, Fla.Stat., F.S.A., and rule 2.8(f), F.R.C.P., 31 F.S.A., the ground for such action must be stated in the order. For failure to assign grounds for granting new trial, the order must be reversed. See Fulton v. Poston Bridge & Iron, Inc., Fla.App.1960, 122 So.2d 240, 242, and cases cited there.
The order appealed from is reversed and the cause is remanded with directions to the trial court to reinstate the verdict of not guilty and to enter judgment thereon in favor of the defendant.
Reversed and remanded with directions.