326 So.2d 17 (1975)
STATE of Florida ex rel. Aaron A. Sebers, Relator,
v.
Hon. Joseph P. McNULTY, As Chief Judge, et al., Respondents.
No. 47215.
Supreme Court of Florida.
June 11, 1975.
Rehearing Denied September 17, 1975.
Philip J. Padovano, Ruiz & Padovano, St. Petersburg, for relator.
Robert L. Shevin, Atty. Gen., and Robert Landry and George R. Georgieff, Asst. Attys. Gen., for respondents.
ENGLAND, Justice.
Relator has filed a suggestion for a writ of prohibition seeking to prevent further prosecution of an appeal pending before the Second District Court of Appeal on the grounds that (i) the appeal was untimely filed and (ii) the order granting mistrial was not appealable.
On December 5, 1974, Relator was tried in the Pinellas County Circuit Court for the offense of robbery, and found guilty by the jury. During the trial his attorney moved for mistrial, but the trial judge reserved ruling on the motion. Five days after the trial, the trial judge conducted a *18 hearing on Relator's motion, after which he set aside the trial and jury verdict. Although the motion was denominated a motion for mistrial, correctly labeled at the time it was made during the course of trial, it was in legal effect when ruled upon a motion for new trial.[1] As such, the order was appealable.[2]
For reasons not explained in the record, the trial judge signed a second order granting the motion for mistrial on January 15, 1975, dating it December 10, 1974. The state filed a notice of appeal on January 31, 1975. Relator moved to dismiss the appeal as untimely, contending that the time for appeal ran from December 10, 1974. The district court denied the motion and now has the appeal pending before it. All acts necessary to constitute "rendition" of the order having occurred on December 10, 1974,[3] the time for commencing appeal expired before the state commenced its appeal on January 31, 1975.
Relator's request for a writ is granted. Respondents are prohibited from proceeding with the appeal in this case.
ADKINS, C.J., OVERTON and DREW (Retired), JJ., and HARDING, Circuit Judge, concur.
ENGLAND, Justice.

On Rehearing
On petition for rehearing, the state attempts by allegation and affidavit to demonstrate that its appeal was timely because the trial court's original order was not, as indicated in footnote 3 of our opinion, "filed" on December 10, 1974. The state's contention must be rejected. This attempt to supplement and correct the record on appeal on the major point at issue in this case comes too late.[1] The state had ample time to produce this evidence before the case was argued to this Court.
In any event, the allegations and affidavit presented by the state do not address, let alone explain, the irreconcilable inconsistency between the late-filed affidavit and the photostatic copy of the trial court's December 10 order which is contained in the original record on appeal. The latter bears the signature of the trial judge and the "filed" stamp of the circuit court clerk, duly initialed by a deputy clerk and dated December 10.
The original order of the Court is supported by the record on appeal, and the petition for rehearing is denied.
ADKINS, C.J., OVERTON and DREW (Retired), JJ., and HARDING, Circuit Judge, concur.
NOTES
[1] A motion for mistrial can only be made during a trial, while a motion for new trial can only be made after a trial. Characterization when made is not as important as the legal effect at the time of ruling. Both of these motions, however, test the extent of error in the course of a proceeding. A & P Bakery Supply and Equipment Co. v. H. Hexter & Son, Inc., 149 So.2d 883 (3d Dist. Ct.App.Fla. 1963).
[2] Section 924.07(2), Fla. Stat.
[3] Fla.App. Rule 1.3. Although the trial court's order was not "recorded" until January 16, 1975, it was "filed" at the time of signing on December 10, 1974. The latter date, not the former, controls because an order granting a new trial is not required to be recorded under the Rule.
[1] See Fla.App. Rule 3.6(j).