453 So.2d 1160 (1984)
David A. GIBSON and State Farm Mutual Automobile Insurance Company, Appellants,
v.
Nancy B. TROXEL, et al., Appellees.
Nos. 83-115, 83-594.
District Court of Appeal of Florida, Fourth District.
July 18, 1984.
Rehearing Denied September 7, 1984.
*1161 Charles B. Green, Jr., of Dickman & Green, and Nancy Little Hoffman, P.A., Fort Lauderdale, for appellants.
Montgomery, Lytal, Reiter, Denney & Searcy, P.A., and Barbara J. Compiani of Edna L. Caruso, P.A., West Palm Beach, for appellees.
DOWNEY, Judge.
David Gibson and State Farm Insurance Company, defendants in a personal injury action arising out of a motor vehicle accident, seek review of (1) an order taxing costs and awarding an attorney's fee to the plaintiffs' lawyers and (2) an order denying their motion to enter judgment on a jury verdict in their favor.
Nancy Troxel and her husband sued Gibson and State Farm for damages arising out of an accident that occurred on March 7, 1978. They also sought damages in the same complaint against William Butcher and Allstate Insurance Company for injuries sustained in a second accident occurring July 3, 1980. At the commencement of the trial the jury was advised that plaintiffs had voluntarily dismissed Butcher and Allstate from the case. Gibson and State Farm admitted responsibility for the accident and a verdict was directed for plaintiffs on liability. The case went to the jury on the question of damages including whether Nancy Troxel had sustained a permanent injury that would meet the no fault threshold.
During closing argument, defendants' counsel suggested to the jury that the plaintiffs had been adequately compensated for their damages by Butcher and Allstate. He also stated that plaintiffs made no claim for medical bills because they were paid by their own carrier. Plaintiffs' counsel objected to each of those comments, requested a curative instruction, which was given, and expressly stated on each occasion that he did not want a mistrial. After the jury had retired, it sent to *1162 the court a question that had to do with plaintiffs' evidence concerning permanent injury. The jury retired again and shortly made it known they had reached a verdict. However, before the verdict was announced plaintiffs moved for a mistrial because of the earlier comments of defense counsel, and the court granted the motion. After the court granted the motion for mistrial, the jury was brought back to the courtroom, and a verdict was handed to the court. Thereupon, defense counsel asked the court to proffer the verdict. Plaintiffs' counsel objected to such a proffer on the ground that the declaration of mistrial made any verdict moot. The circuit court responded that, if this court reversed the decision to declare a mistrial on the grounds that it was error to grant a mistrial, then the publishing of the verdict would avert a retrial. The court then read the verdict and announced it; it was favorable to the defendants.
Thereafter, the defendants moved for entry of judgment on the verdict, and the plaintiffs moved to tax costs and impose sanctions against the defendants. The circuit court entered an order that (a) taxed $1350 in costs against defendants payable to the Court Administrator to cover the time of the clerk, judge, and jury wasted by causing a mistrial, (b) taxed $344 in court costs payable to the plaintiffs, and (c) imposed sanctions against the defendants "for attorneys' fees as a result of the misconduct involving defense counsel's closing argument, in the amount of $5,000.00 payable to [plaintiffs' counsel]." That order is the subject of Case No. 83-115. At a subsequent hearing the court denied the motion for judgment upon the verdict, which order the defendants seek to have reviewed in Case No. 83-594.
After oral argument this court requested counsel to file supplemental briefs on the question of our jurisdiction to review the order denying the motion for judgment on the verdict. Having given full consideration to that question, we hold the order is not subject to appeal because it requires a determination of the validity of the order granting a mistrial, an order that is not subject to appellate review. Gore v. Hansen, 59 So.2d 538, 40 A.L.R.2d 1281 (Fla. 1952). Esneault v. Waterman Steamship Corporation, 449 F.2d 1296 (5th Cir.1971); Martinez v. Winner, 548 F. Supp. 278, 309 (D.Colo. 1982).
The defendants contend that A & P Bakery Supply & Equip. Co. v. H. Hexter & Son, Inc., 149 So.2d 883 (Fla. 3d DCA 1963), is authority for reviewing an order of mistrial. However, that reliance is misplaced because in A & P the jury returned a verdict which the court refused to accept. The court thereafter ordered a mistrial. On appeal the district court held the order reviewable because though labeled an order granting a mistrial, it was, in fact, an order granting a new trial. The latter is presently reviewable pursuant to Florida Appellate Rule 9.110(a)(3) while the former is not reviewable. Another case defendants rely upon to demonstrate jurisdiction is State ex rel. Sebers v. McNulty, 326 So.2d 17 (Fla. 1975). There, a motion for mistrial was made during the trial, but the judge reserved ruling. After the trial was over the court held argument on the reserved motion and granted a new trial. The Supreme Court held that when made (during trial) the motion was properly labeled a motion for mistrial. However, at the time the court ruled (post trial) it was properly a motion for new trial. Thus, it is apparent that, where a court grants a mistrial and orders a new trial prior to rendition of a verdict, the order is not reviewable; whereas, when the order is rendered after verdict, it is the equivalent of an order granting a new trial which is reviewable pursuant to Rule 9.110(a)(3). We hold that when the court granted plaintiffs' motion for a mistrial the trial was concluded and the jury verdict received after that order was a nullity. Thus, there was nothing upon which to enter judgment.
Turning now to the order assessing costs, we hold there was no basis upon which to assess any costs at this particular stage of the proceedings, nor is there any basis for assessing attorney's fees. This order was apparently entered as a sanction against Gibson and State Farm because the *1163 court felt their counsel was responsible for causing the mistrial after the court had expended several days of time and efforts of the court system. Accordingly, the court assessed $1350 for the expenses of the system, i.e., the time of the clerk, judge, and jury. The other $344 was for ordinary assessable court costs payable to the plaintiffs. The assessment of an attorney's fee for plaintiffs' attorney was also part of the sanction. Court costs are assessable only as provided by statute and then only at the termination of the case. Sears Roebuck & Co. v. Richardson, 343 So.2d 678 (Fla. 1st DCA 1977). There is no authority to assess costs to reimburse the system. State v. JLP, 435 So.2d 392 (Fla. 5th DCA 1983). Similarly, attorney's fees may be awarded only when provided for by agreement, by statute, or for creating a fund, unless they are accorded as a fine or sanction for indirect contempt, Miller v. Colonial Baking Co. of Alabama, 402 So.2d 1365 (Fla. 1st DCA 1981). No such finding is made here.
In view of the foregoing, the order dated December 16, 1982, assessing costs is reversed. The appeal from the order dated February 24, 1983, is dismissed.
LETTS and HERSEY, JJ., concur.