DOWNEY, Judge.
Appellant, Carol Ann Sponenberg, presents this appeal from an order of the trial court declaring a mistrial and ordering a new trial.
Carol had sued Harold S. Strasser, M.D., and his Estate for malpractice. At trial, she adduced evidence and claimed damages for the full panoply of damages following a personal injury, i.e., for bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, both past and future, future medical expenses, loss of earnings and loss of ability to earn in the future. The jury was fully instructed on all of the various elements of damages, as well as their obligation to reduce any award of *65 future medical expenses and future loss of earnings to their present money value. Eventually, the jury returned with a question regarding the reduction to present value. The court then gave an additional instruction defining present money value. The jury retired and, in due course, sent the judge a message that: “The figures we’ve submitted represent the award in dollars we wish the plaintiff to receive. We are mathematically unable to reduce to present value, since no ratio for such evaluation was submitted in evidence.” After discussing the matter with counsel, who predictably did not agree on the next move, the court decided to allow the jury to fill out the special verdict form to the extent possible and file it with the clerk as an exhibit “just so counsel can look at it after the jury is excused. Perhaps you will be able to settle the case. But I’m receiving it for that purpose only.”
The verdict form had figures inserted for all of the different damage categories, such as: past medical expenses, pain and suffering, etc. The future losses before reduction to present value were also inserted, but the lines designated “after reduction to present value” were blank. The jury advised the court that these lines had not been filled in because they were unable to make the mathematical calculation. The court ordered the verdict form filed as an exhibit, thanked the jury, discharged them, and announced he was declaring a mistrial.
In post-trial proceedings the court denied Carol’s motions for the court to vacate the declaration of mistrial and complete the verdict. Carol also argued that, in any event, the question of liability should be considered resolved and the matter proceed on the issue of damages only. The trial court confirmed the order of mistrial and directed a new trial on all issues.
We have considered the appellate briefs of counsel and the presentation at oral argument and conclude that we do not have jurisdiction to resolve the issues presented.
The appellate issue here is the right to appellate review of an order granting a mistrial. Generally speaking, an order of mistrial is not reviewable on appeal unless made after rendition or reception of a valid jury verdict; whereupon it is, in essence, an order granting a new trial and, thus, reviewable under Florida Rule of Appellate Procedure 9.110(a)(3). Gibson v. Troxel, 453 So.2d 1160 (Fla. 4th DCA1984). In the present case, there was no valid jury verdict — the jury announced it was unable to complete the verdict form and the result of their efforts was filed as an exhibit for information purposes only. Thus, the judicial error, if any, was not reviewable as the order of mistrial and new trial were entered prior to rendition of a jury verdict. Id.
Accordingly, this appeal is dismissed for lack of jurisdiction.
STONE, J., and RIVKIND, LEONARD, Associate Judge, concur.