PARKER, Judge.
The Florida Department of Transportation (DOT) appeals from the trial court’s sua sponte order declaring a mistrial in the case after the trial court determined that the jury’s verdict was not unanimous and was therefore improper. We reverse.
DOT, as the condemning authority, initiated an eminent domain action against ap-pellees. The case proceeded to jury trial on the issues of land value and damages, and the jury returned its verdict awarding ap-pellees $24,200 for the land taken, $23,100 in severance damages, and a zero award for business damages. On that same date, the trial judge sua sponte declared a mistrial predicated upon two jurors’ impeachment of their verdict. The trial judge subsequently entered an order outlining the reasons for the mistrial.
The order recited that when the jury returned from deliberations, the foreman of the jury announced in open court the verdict reached by the jury. The verdict was delivered to the court, and appellees’ counsel requested that the jury be polled. Each juror responded to the court that the verdict announced in open court was indeed his or her verdict. The trial judge directed the clerk to record the verdict and discharged the jury. Thereafter, two jurors remained in the courtroom and requested to speak with the trial judge. The trial judge advised the trial attorneys of the request and invited the attorneys to be present; however, the attorneys declined. When the two jurors met with the trial judge, both stated that the verdict was not unanimous and that they had advised the foreman in the jury room that they did not agree with the verdict. Both jurors admitted that their responses to the court’s questions during the polling of the jury were not truthful. The trial judge reconvened court and advised the attorneys for the parties of the jurors’ statements. In his order granting the mistrial, the trial judge stated that both trial attorneys stipulated to a mistrial being entered. DOT disputes that its attorney stipulated to a mistrial. As explained below, that dispute has no bearing upon our decision.
Because the order of mistrial being appealed was entered after the verdict was rendered, we treat it as an order granting a new trial and thereby reviewable. See Fla. R.App.P. 9.110(a)(3); Gibson v. Troxel, 453 So.2d 1160 (Fla. 4th DCA 1984).
A motion for mistrial can only be made during a trial, while a motion for new trial can only be made after a trial. Characterization when made is not as important as the legal effect at the time of the ruling. Both of these motions, however, test the extent of error in the course of a proceeding.
State v. McNulty, 326 So.2d 17, 18 n. 1 (Fla.1975) (citation omitted).
We next turn to appellees’ argument that the issue of the trial court’s propriety in granting a mistrial is foreclosed because DOT stipulated to it. Whether the DOT’S attorney stipulated to the trial court’s entry of a mistrial is immaterial in deciding the question presented regarding the legality of the jurors’ impeachment of their verdict. Parties cannot by stipulation control questions of law. Clark v. Munroe, 407 So.2d 1036 (Fla. 1st DCA 1981). In finding the jury’s verdict was not unanimous and as such improper and grounds for a new trial, the trial judge determined a question of law. The correctness of that decision is the subject of this appeal regardless of any stipulation.
The allegations by the two jurors in this instance, even if accepted as true, do not permit a new trial. In State v. Smith, 183 So.2d 34, 37 (Fla. 2d DCA 1966), this court, in rejecting the jurors’ impeachment of their verdict after discharge, quoted from State v. Ramirez, 73 So.2d 218, 219 (Fla.1954), in which the supreme court stated:
As to the ground which the new trial was ordered, it is settled that a juror, after solemnly entering his verdict in court, is not to be believed or heard when, after the discharge of the jury of which he was a member, he swears that he never approved or consented to the verdict; and that after the return of a verdict in open court the testimony of jurors as to mo *476 tives and influences by which their deliberations were governed should not be received.
It is a well established principle that a verdict will not be overturned where one juror alleges his will was overborne by another juror or where a particular verdict was based on a mistaken presumption. State v. Blasi, 411 So.2d 1320 (Fla. 2d DCA 1981). Further, a juror who responds affirmatively that the verdict rendered is her or his verdict should not be permitted, after discharge, to recant this vote. State v. Thomas, 405 So.2d 220 (Fla. 3d DCA 1981), review denied, 415 So.2d 1361 (Fla.1982). As this court recently stated:
There are strong public policies supporting the secrecy and sanctity of the jury’s verdict. The jurors’ right of privacy should not be lightly disregarded. Once a jury has been discharged, the reliability of their explanations may be questioned.
State, Dep’t of Transp. v. Rejrat, 540 So.2d 911, 913 (Fla. 2d DCA 1989) (citations omitted).
Appellees request this court to carve out a special exception to the cited authorities based upon the unique circumstances of this case. We decline to do so. Events could conceivably occur within a courtroom before a discharged juror departs that may affect that juror’s continued adherence to his or her verdict. To grant a new trial based upon a juror’s “turn around” position within a matter of minutes could create havoc within the trial and appellate court systems.
We reverse the order granting a new trial and remand this matter to the trial court to reinstate the verdict and enter judgment consistent with the jury’s verdict.
Reversed and remanded with directions.
SCHEB, A.C.J., and FRANK, J., concur.