DELL, Judge.
The Estate of Robert D. Busing appeals from a final judgment entered after the *7 trial court rejected three jury verdicts and entered a mistrial. We reverse.
Appellants filed suit seeking damages for the decedent’s alleged wrongful death and personal injuries sustained during an altercation with appellee. The suit also sought damages for loss of consortium suffered by Mrs. Busing. The record contains conflicting evidence concerning the cause of Mr. Busing’s death. During trial, the jury rendered three separate verdicts. The jury initially awarded the estate $509.10— the exact amount of Mr. Busing’s medical bills — and awarded nothing for loss of consortium. The trial court concluded that an award for one required an award for the other and sent the jury back for further deliberation because of the apparent legal inconsistency. The jury then returned a verdict that awarded $50,000 to the estate and $100,000 to the decedent’s wife. The trial court again concluded that the jury had misunderstood his comments following the initial jury verdict and sent the jury back. The jury then rendered a third verdict which awarded $1,000 to the estate and $509.00 to Mrs. Busing. Based upon the jury confusion, the trial court granted appellants’ motion for a mistrial and dismissed the jury. After the trial court entered an order rescheduling the trial, appel-lee filed a motion to limit the issues on retrial. Appellee pointed out that the original verdict — awarding $509.10 to the estate and nothing to Mrs. Busing — was not legally inconsistent and advocated reinstatement of that verdict. See Botag Manufacturing, Inc. v. Kleinicke, 370 So.2d 92 (Fla. 4th DCA 1979). The court agreed and rendered a final judgment on the initial verdict.
Appellant contends that the trial court erred when it entered a final judgment based upon the initial jury verdict after it had granted a mistrial and dismissed the jury. We agree.
Neither party has furnished a Florida case, and we have found none, defining the term “mistrial” and its effect on subsequent proceedings. Appellant has, however, directed our attention to several out-of-state cases which equate a mistrial to a nugatory proceeding. In Long v. City of Opelika, 37 Ala.App. 200, 66 So.2d 126, cert. denied, 259 Ala. 164, 66 So.2d 130 (1953), the court stated:
The term “mistrial” aptly applies to a case in which a jury is discharged without a verdict....
“In legal effect a mistrial is equivalent to no trial at all, and is declared because of some circumstance indicating that justice may not be done if the trial continues. The word is not ordinarily used to indicate a mere erroneous ruling of law, but generally is used to specify such fundamental errors in a trial as to vitiate the results.” 58 C.J.S., Mistrial, page 834.
Id. 66 So.2d at 129. In Ferino v. Palmer, 133 Conn. 463, 52 A.2d 433 (Conn.1947), the court concluded:
The trial court has a wide discretion in passing on motions for mistrial and when the objectionable matter is suitably explained to the jury it is rare that reversible error is found_ The general principle is that a mistrial should be granted only as a result of some occurrence upon the trial of such a character that it is apparent to the court that because of it the defendant cannot have a fair trial and the whole proceedings are vitiated.
Id. 52 A.2d at 434-35 (citations omitted).
Black’s Law Dictionary defines a mistrial as “[a]n erroneous, invalid, or nugatory trial.” It seems clear to us that the authorities cited coincide with the common understanding of the term “mistrial” which is, that when a mistrial has been granted, it is the equivalent of declaring a proceeding void and without force or effect.
Appellee has not cross-appealed the trial court’s order granting the mistrial sub judi-ce. Therefore, we limit our review to whether the trial court had jurisdiction to reinstate the jury’s initial verdict after it had discharged the jury. We conclude that it did not since the order declaring the mistrial vitiated the jury’s verdict and caused the trial to be a nugatory proceeding. Consistent with this view, we reject appellee’s request to limit the new trial to only the issue of damages.
*8 Accordingly, we reverse the trial court’s order entered on the jury’s initial verdict and remand this case for a new trial. We need not address the other points raised by appellants in this appeal.
REVERSED and REMANDED.
LETTS and STONE, JJ., concur.