589 So.2d 965 (1991)
Patricia D. PENNELL and Randy Pennell, Her Husband, Appellants,
v.
KEENE BROTHERS TRUCKING, INC., Appellee.
No. 90-01162.
District Court of Appeal of Florida, Second District.
November 6, 1991.
Rehearing Denied December 9, 1991.
Lee S. Damsker, Maney, Damsker & Arledge, P.A., and Dennis G. Diecidue, Tampa, for appellants.
*966 John J. Pappas and John D. Malkowski, Butler, Burnette and Pappas, Tampa, for appellee.
RYDER, Acting Chief Judge.
Patricia D. Pennell and her husband, Randy Pennell, seek review of the trial court's order granting appellee's, Keene Brothers Trucking, Inc., motion for mistrial based on jury misconduct after the jury returned its verdict. The Pennells also seek review of the trial court's subsequent order granting Keene Brothers' motion for judgment notwithstanding the verdict in this personal injury action. We reverse in part and affirm in part.
On June 9, 1987, Patricia Pennell and her husband, Randy, brought an action for damages against Keene Brothers for injuries sustained by Pat when struck by a stick thrown by Keene Brothers employee, Bennie Cobb. Keene Brothers answered and raised as one of its affirmative defenses worker's compensation immunity. Keene Brothers asserted that Pat Pennell was an employee of Florida Fill Haulers, a subcontractor of Keene Brothers and was covered by Keene Brothers' worker's compensation insurance at the time of the accident. Florida Fill was also a wholly-owned subsidiary of Keene Brothers. Keene Brothers filed a motion for summary judgment asserting that appellants' action was barred by worker's compensation immunity. That motion was denied by the trial court.
The case was tried to the jury from February 19 to 22, 1990. On February 22, 1990, the jury returned a verdict in which it found that Florida Fill was not a subcontractor for Keene Brothers on the work that Pat Pennell was engaged in at the time of her injury. The jury also found that there was negligence on the part of Bennie Cobb which was the legal cause of injury to Pat Pennell and that Pat Pennell was 10% comparatively negligent. The total damages sustained by Pat Pennell were $600,000.00 and the total damages sustained by her husband were $225,000.00.
At the conclusion of the trial, Keene Brothers' counsel noted that one of the jurors, an accountant named Donald Duke, had taken a book into the jury room. Juror Duke acknowledged that he had referred to page 450 of "Introduction to Financial Accounting" during deliberations. Keene Brothers' counsel asked for and was granted a mistrial based on juror misconduct. The following day, February 23, 1990, the Pennells served their motion to reinstate verdict. Keene Brothers filed its response in opposition to the motion to reinstate jury verdict on March 1, 1990. The motion to reinstate verdict and the response both related to the trial court's order granting a new trial because of juror misconduct.
On March 16, 1990, twenty-two days after rendition of the jury verdict, Keene Brothers filed Defendant's Motion for New Trial or, in the Alternative, Remittitur or Motion for Judgment Notwithstanding the Verdict. In this motion, Keene Brothers not only raised the issue of juror misconduct but raised four additional grounds for the entry of an order granting new trial, or remittitur or for a judgment notwithstanding the verdict, to wit: the size of the jury verdict was excessive; the Pennells' counsel made prejudicial statements in closing argument; new evidence was raised by Pat Pennell for the first time at trial; and the verdict was contrary to the manifest weight of the evidence.
On March 23, 1990, the trial court rendered its Findings and Order on Defendant's Motion for New Trial, or in the Alternative, Remittitur or Motion for Judgment Notwithstanding the Verdict. In this order, the trial court first denied the Pennells' motion to reinstate the verdict. The trial court then granted Keene Brothers' motion for new trial on the ground that one of the jurors had access to and had utilized a financial accounting book in the jury room. The court next denied appellee's motion for new trial on each of the other three grounds asserted in the motion. Finally, the trial court granted Keene Brothers' motion for judgment notwithstanding the verdict holding that the "overwhelming weight of the evidence" supported a judgment notwithstanding the verdict in favor of appellee.
*967 Appellants argue that the trial court lacked the requisite jurisdiction to enter a judgment notwithstanding the verdict, because a mistrial entered after the return of a verdict is treated as an order granting a new trial. Keene Brothers, on the other hand, argues that the verdict was not "filed" until after the court granted the mistrial so that the trial court retained jurisdiction over the case. Keene Brothers contends that the trial court's findings and order of March 23, 1990, granting the judgment notwithstanding the verdict, merely vacated the court's previous oral pronouncement granting the mistrial.
In its final order, the trial court first granted Keene Brothers' motion for new trial on the ground of juror misconduct. Upon that order, the case below was concluded. An order granting a new trial is a final, appealable order. See Fla. R.App.P. 9.110(a)(3) (1990). The trial court had no authority to simultaneously enter a judgment notwithstanding the verdict in the same order. "By their very nature, a new-trial order and order for J.N.O.V. are mutually inconsistent and may not be granted simultaneously." Frazier v. Seaboard Systems Railroad, Inc., 508 So.2d 345, 346 (Fla. 1987). Accordingly, the judgment notwithstanding the verdict is reversed.
The Pennells next argue that the trial court erred in granting a new trial on the ground of juror misconduct. Juror Duke admitted taking the accounting book into the jury deliberations and using it with regard to the present value of the damage award. Appellants rely on the case of Bottoson v. State, 443 So.2d 962 (Fla. 1983), cert. denied, 469 U.S. 873, 105 S.Ct. 223, 83 L.Ed.2d 153 (1984), for the proposition that the jury's use of the accounting book in this case was not prejudicial to Keene Brothers, and therefore constituted harmless error. In Bottoson, the "unadmitted exhibit" which went into the jury room was merely duplicative of testimony the jury had already heard, and therefore not prejudicial to the defendant. The accounting book, here, was not admitted into evidence and no witness referred to it in testifying about damages or present value. The presence of the accounting book in the jury room cannot be held to be harmless under Bottoson.
"There is no doubt that in evaluating the evidence, the jury should confine its considerations to the facts in evidence as weighed and interpreted in the light of common knowledge. Jurors must not act on special or independent facts which were not received in evidence." Edelstein v. Roskin, 356 So.2d 38 (Fla.3d DCA 1978) (citing Russ v. State, 95 So.2d 594 (Fla. 1957)). A juror is not permitted to become a witness in the jury room by importing his knowledge to other jurors. Snook v. Firestone Tire & Rubber Co., 485 So.2d 496 (Fla. 5th DCA 1986). Under the circumstances in this case, the trial court was correct in granting a new trial on the ground of juror misconduct.
Appellants next argue that even if we should determine that the presence of the accounting book in the jury room was a sufficient ground for new trial, then it was sufficient for a new trial on damages only. We agree with appellants on this point. The accounting book was referred to for purposes of determining present value relating to the amount of damages alone. The jury found Keene Brothers and its employee, Bennie Cobb, negligent in each instance. The jury also found that Pat Pennell was 10% negligent. It cannot be held that the accounting book was used to determine liability, and therefore, a new trial is proper on damages only.
The judgment notwithstanding the verdict is reversed, the order granting a new trial due to juror misconduct is reversed as to the issue of liability and affirmed as to the issue of damages, and the case is hereby remanded for proceedings consistent with this opinion.
Reversed in part, affirmed in part and remanded.
THREADGILL and PATTERSON, JJ., concur.