614 So.2d 1083 (1993)
KEENE BROTHERS TRUCKING, INC., Petitioner,
v.
Patricia PENNELL, et vir., Respondents.
No. 79205.
Supreme Court of Florida.
February 25, 1993.
John J. Pappas and John D. Malkowski of Butler, Burnette & Pappas, Tampa, for petitioner.
Lee S. Damsker of Maney, Damsker & Arledge, P.A., and Dennis G. Diecidue, Tampa, for respondents.
OVERTON, Justice.
We have for review Pennell v. Keene Brothers Trucking, Inc., 589 So.2d 965 (Fla. 2d DCA 1991), which we find directly conflicts with Frazier v. Seaboard System Railroad, 508 So.2d 345 (Fla. 1987).[1] In the instant case, the district court held that the trial court had no authority to simultaneously grant a new trial and a judgment notwithstanding the verdict in the same order. For the reasons expressed, we quash the decision of the district court and remand this cause for a new trial.
The relevant facts reflect that a personal injury action was filed by Patricia Pennell and her husband against Keene Brothers *1084 Trucking, Inc. (Keene Brothers). Mrs. Pennell, an employee of another contractor, had been injured when she was struck by a log thrown off a dump truck by an employee of Keene Brothers. At trial, a jury awarded the Pennells a total of $825,000, after finding that the negligence of Keene Brothers' employee was the legal cause of Mrs. Pennell's injuries. After the jury returned its verdict but before the jury was discharged, Keene Brothers' counsel noticed that one of the jurors, an accountant, had taken a book into the jury room. When questioned by the trial judge, the juror admitted that he had referred to a book entitled Introduction to Financial Accounting during jury deliberations. Based on this juror misconduct, Keene Brothers asked for a mistrial. Before discharging the jury, the trial judge granted the mistrial.
The next day, the Pennells filed a motion to reinstate the verdict. Subsequently, Keene Brothers filed a motion for a new trial or, in the alternative, for judgment notwithstanding the verdict. The trial judge then issued an order: (1) denying the Pennells' motion to reinstate the verdict; (2) granting Keene Brothers' motion for a new trial; and (3) granting Keene Brothers' motion for judgment notwithstanding the verdict. The order reflected on its face that it was an order ruling on Keene Brothers' motion for a new trial or, in the alternative, for judgment notwithstanding the verdict.
On appeal, the district court held that the trial judge had no authority to grant a new trial and enter a judgment notwithstanding the verdict in the same order. In so ruling, the district court stated:
In its final order, the trial court first granted Keene Brothers' motion for new trial on the ground of juror misconduct. Upon that order, the case below was concluded. An order granting a new trial is a final, appealable order. See Fla. R.App.P. 9.110(a)(3)(1990). The trial court had no authority to simultaneously enter a judgment notwithstanding the verdict in the same order. "By their very nature, a new-trial order and order for [judgment notwithstanding the verdict] are mutually inconsistent and may not be granted simultaneously." Frazier v. Seaboard System Railroad, Inc., 508 So.2d 345, 346 (Fla. 1987). Accordingly, the judgment notwithstanding the verdict is reversed.
Pennell, 589 So.2d at 967 (emphasis added).
After determining that the trial judge had granted the motion for a new trial first, the district court reversed the judgment notwithstanding the verdict. The district court then affirmed the trial judge's ruling that juror misconduct occurred under the circumstances of this case, but held that the misconduct applied only to the issue of damages and not to the issue of liability. Consequently, the district court remanded the case for a new trial only on the issue of damages.
We reject the district court's interpretation of our decision in Frazier. In Frazier, we did note that a new trial order and an order for judgment notwithstanding the verdict are mutually inconsistent. However, we also expressly held that, to promote judicial economy, trial judges may properly decide motions on those issues in the alternative. As we stated in Frazier:
By granting a new-trial order, the court effectively "disposed" of the motion for [judgment notwithstanding the verdict] until appellate review. By their very nature, a new-trial order and order for [judgment notwithstanding the verdict] are mutually inconsistent and may not be granted simultaneously. At most, the trial court may grant one and alternatively grant the other on the express condition that the latter only becomes effective if the former is reversed on appeal. Indeed, one of the primary reasons for allowing alternative motions for new trial and [judgment notwithstanding the verdict] is to promote judicial economy by consolidating the two issues on appeal.
Id. at 346-47 (emphasis added) (citation omitted). Clearly, Frazier permits trial judges to rule on an alternative motion for judgment notwithstanding the verdict when ruling on a motion for new trial. Consequently, *1085 we find that the district court's quote from Frazier was used out of context. Based on the facts of this case, we find that the trial judge properly considered these motions in the alternative.
We need not, however, reach the merits of either the motion for judgment notwithstanding the verdict or the motion for new trial because the resolution of this appeal turns on the granting of the mistrial. In this case, the trial judge granted a mistrial before the jury was discharged. The legal effect of a mistrial is the equivalent of there having been no trial at all. Estate of Busing v. Brohan, 567 So.2d 6, 7 (4th DCA 1990), rev. denied, 581 So.2d 163 (Fla. 1991). If the order of mistrial was in fact appropriately characterized as a mistrial, then it is a non-appealable order and a court can neither reinstate the verdict (as was done by the district court in the instant case) nor enter a judgment notwithstanding the verdict (as was done by the trial judge). Further, no order for new trial could be properly before the court for consideration.
The Pennells, in seeking to have the district court's decision upheld, assert that the order of mistrial was actually a reviewable order granting a new trial because the mistrial was declared after the jury returned its verdict. In support of this contention, they cite our decision in State ex rel. Sebers v. McNulty, 326 So.2d 17 (Fla. 1975). That case, however, is clearly distinguishable. In McNulty, the trial judge took the mistrial motion under advisement and did not grant the motion until five days after the jury was discharged. Under those circumstances, we held that the motion for mistrial should be treated as a motion for new trial, thus making it a reviewable decision.
Unlike the mistrial in McNulty, the mistrial in the instant case was granted before the jury was discharged, which is similar to what occurred in Brohan. During the Brohan trial, the court received three different verdicts and rejected each of them due to juror confusion. After the third verdict was issued, the trial judge granted a mistrial and then discharged the jury. The district court concluded that the trial had been declared void and was without force or effect and that the trial judge could not reinstate the jury verdict after the jury had been discharged.
To clarify this issue, we conclude that a bright-line rule is appropriate because a number of cases have discussed this issue by framing the question in the context of "when the verdict is rendered" rather than "when the jury is discharged." See Florida Dept. of Trans. v. Weggies Banana Boat, 545 So.2d 474 (Fla. 2d DCA 1989) (order of mistrial issued after a verdict is "rendered" will be treated as order granting new trial); Sponenberg v. Harold S. Strasser, M.D., P.A., 504 So.2d 64 (Fla. 4th DCA 1987) (order of mistrial is not reviewable on appeal when order is entered before "rendition" of jury verdict); Gibson v. Troxel, 453 So.2d 1160 (Fla. 4th DCA 1984) (same); A & P Bakery Supply & Equipment Co. v. H. Hexter & Son, Inc., 149 So.2d 883 (Fla. 3d DCA 1963) (order granting mistrial because judge refused to accept verdict was in effect order granting new trial, which was appealable). "Rendered," as defined by this Court, means not only that the verdict has been announced but also that it has been filed for recording with the clerk. See Casto v. Casto, 404 So.2d 1046 (Fla. 1981). Clearly, a jury verdict cannot be "rendered" until the verdict has been accepted by the judge presiding at the trial and filed with the clerk. Given these circumstances, we find that a bright-line rule using the standard of when a jury is discharged rather than when a verdict is rendered is more appropriate.
We hold that when the trial judge grants a motion for mistrial before the jury is discharged, any verdict returned is void. However, when the judge reserves ruling on a mistrial motion until after the trial, or the motion is not made until after the discharge of the jury, then the motion must be considered a motion for new trial. Although we note that this rule is consistent with the results reached by the Second District Court in Weggies, and by the Fourth District Court in Sponenberg and Gibson, those cases may be seen as inconsistent with this opinion because those decisions *1086 turned on the rendition of the verdict rather than the discharge of the jury. We disapprove those cases and the Third District Court's decision in A & P Bakery[2] to the extent they are inconsistent with this opinion.
Applying the above rule to the instant case, we find that Keene Brothers' alternative motions for judgment notwithstanding the verdict and for a new trial are nullities because no verdict existed upon which the court could rule inasmuch as the mistrial was declared before the discharge of the jury. Consequently, a new trial on all issues is required.
Accordingly, we quash the decision of the district court and remand this cause for a new trial.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
[2] It is not apparent from the facts of A & P Bakery whether the jury was discharged before the court granted the mistrial.