# Third District Court of Appeal

## State of Florida

Opinion filed July 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1849
Lower Tribunal No. 11-25865

_____

**The State of Florida,**
Appellant,

vs.

**Darrell Smith,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Diane V. Ward, Judge.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Howard K. Blumberg, Special Assistant Public Defender, and Oscar A. Quintero, Certified Legal Intern, for appellee.

Before ROTHENBERG, LAGOA, and LOGUE, JJ.

LOGUE, J.

The State of Florida appeals a decision labeled "Order Declaring Mistrial." Given the trial court did not issue its decision until more than a month after the jury was discharged and the verdict was rendered by being filed in the clerk's records, the decision is actually an order granting a new trial. See Keene Bros. Trucking v. Pennell, 614 So. 2d 1083, 1085 (Fla. 1993) ("[W]hen the judge reserves ruling on a mistrial motion until after the trial, or the motion is not made until after the discharge of the jury, then the motion must be considered a motion for new trial."). Section 924.07(1)(b) of Florida Statutes, therefore, provides the State authority to appeal. See State ex rel. Sebers v. McNulty, 326 So. 2d 17, 18 (Fla. 1975) ("Although the motion was denominated a motion for mistrial, correctly labeled at the time it was made during the course of trial, it was in legal effect when ruled upon a motion for new trial. As such, the order was appealable."). State v. Fudge, 645 So. 2d 23 (Fla. 2d DCA 1994), which held that the State cannot appeal a judgment of acquittal on a count of an indictment on which the jury deadlocked, is inapposite because it did not involve setting aside a verdict after the verdict was rendered and the jury was discharged.

Turning to the merits, we hold that no abuse of discretion occurred in granting the new trial. See generally State v. Williams, 478 So. 2d 412, 413 (Fla. 3d DCA 1985) ("It is a well-established rule of law that the trial judge has wide discretion in the matter of granting or denying motions for new trial and that an

2

appellate court will not overturn such a ruling unless some abuse of discretion is shown.").

Affirmed.