# Third District Court of Appeal

## State of Florida

Opinion filed March 13, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-757
Lower Tribunal No. 16-3589
_____

**The State of Florida,**
Petitioner,

vs.

**Phillip Mackey,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Ashley Moody, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for petitioner.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for respondent.

Before EMAS, C.J., and LOGUE and SCALES, JJ.

SCALES, J.

In a petition filed on April 18, 2018, the State of Florida seeks certiorari review of the lower court's March 19, 2018 "Order Granting Defendant's Motion to Enforce Jury Verdict." Because the order on review effectively dismissed the information under section 924.07(1)(a) of the Florida Statutes (2018) and Florida Rule of Appellate Procedure 9.140(c)(1)(A), it was an appealable order that could be reviewed only if review were sought within fifteen days of rendition. See Fla. R. App. P. 9.140(c)(3) (providing that the State shall file its notice of appeal "with the clerk of the lower tribunal within 15 days of rendition of the order to be reviewed"). We lack jurisdiction to review the order, and, therefore, dismiss the petition, because it was not filed within fifteen days of the rendition of the challenged order.

## I.  RELEVANT FACTS AND PROCEDURAL BACKGROUND

### 1. The trial

The State charged Phillip Mackey by information with one count of attempted first degree premeditated murder for shooting the victim with a firearm on or about February 21, 2016. The case was tried before a jury in October 2017. At trial, Mackey acknowledged that he was the shooter, but argued that he had acted in self-defense.

At the conclusion of the trial, the lower court instructed the jury on the charged offense of attempted first degree premeditated murder and the lesser

2

included offenses of attempted second degree murder and attempted manslaughter by act. In accordance with the jury instructions, the verdict form submitted to the jury asked the jury to decide whether Mackey was guilty of the charged offense, one of the lesser included offenses, or was not guilty.

During the jury's deliberation, the jury sent a note to the judge asking the court to "explain reasonable doubt once more." The court instructed the jury to rely on Florida Standard Jury Instruction (Criminal) 3.7, which defines reasonable doubt. Sometime later, the jury sent a second note to the judge stating the jury could not reach a verdict. In response, the court read Florida Standard Jury Instruction (Criminal) 4.1[1] to the jury over defense counsel's objection.

After deliberating further, the jury sent a third note to the judge stating, "We cannot agree on a verdict." Without objection, the court sent a court-prepared form to the jury room asking the jurors for a split of their vote. The completed document returned to the court read, in substance, as follows:

## JURY POLL

Ladies and gentlemen of the jury, you have indicated that you cannot reach a verdict. Before you are excused, please indicate the following by filling in <u>numbers only</u> next to the options below:

Jurors in favor of Guilty [of] Attempted First Degree Premeditated Murder: <u>0</u>
Jurors in favor of Guilty of Attempted Second Degree Murder: <u>0</u>

---

[1] The jury instruction amounts to giving an <u>Allen</u> charge. <u>See</u> <u>Allen v. U.S.</u>, 164 U.S. 492 (1896).

Jurors in favor of Guilty of Attempted Manslaughter by Act: <u>1</u>
Jurors in favor of Not Guilty: <u>5</u>

So say we all:

Foreperson - Sign

Foreperson - Print Name

The jury foreperson signed the form and printed her name on the spaces provided at the bottom of the document.

The trial transcript reflects that, when the jury returned to the courtroom, the court immediately thanked the jurors for their service and discharged them. Neither party objected to the jury's discharge, nor sought to make any inquiry of the jury prior to their discharge. Upon the jury's exit from the courtroom, the following discussion ensued:

THE COURT: All right at this time the jury having been unable to reach a verdict, I'm declaring a mistrial. When do you all want me to reset this for?

[DEFENSE COUNSEL]: For trial, Judge?

THE COURT: For anything, what do you all want me to do next?

[STATE ATTORNEY]: State's asking for a sounding. Maybe we need time to check our witness availability.

THE COURT: That means I should set it for a status.

[STATE ATTORNEY]: For a status.

THE COURT: Mr. McNeil?

4

[DEFENSE COUNSEL]: I'm okay with a status. I would like the earliest possible trial date.

THE COURT: So let me set if [sic] for status on Monday . . .

Defense counsel asked the trial court to set a bond. The trial court agreed and set bail at $5000. The proceeding then concluded.

That same day, October 25, 2017, the "Jury Poll" was filed with the lower court clerk. The parties are in agreement that neither party thereafter filed any timely post-trial motion and that the case then returned to a pre-trial posture.

2. *Mackey's "Motion to Enter the Jury's Verdict"*

On December 22, 2017, Mackey, through counsel, filed his "Motion to Enter the Jury's Verdict" ("Mackey's Motion"). Therein, Mackey argued that he could not be retried for attempted first degree premeditated murder or attempted second degree murder because either: (i) the "Jury Poll" constituted a unanimous not guilty *verdict* on those offenses; or (ii) the "Jury Poll" constituted an *acquittal* on both offenses under the parameters discussed in the United States Supreme Court's decision in Blueford v. Arkansas, 566 U.S. 599 (2012), such that jeopardy had attached to the offenses. Mackey's Motion did not specify any rule of criminal procedure authorizing the motion.

On March 11, 2018, the State filed its response to Mackey's Motion. Therein, the State responded that Mackey's Motion should be denied on both grounds, claiming that: (i) the "Jury Poll" did not constitute a verdict for its failure

to comply with Florida Rule of Criminal Procedure 3.440[2] governing rendition, reception, and recordation of a jury verdict in a criminal case; and (ii) on the facts of this case, the <u>Blueford</u> decision provided no basis for finding that the "Jury Poll" constituted an acquittal.

On March 19, 2018, a successor judge entered the order on review: "Order Granting Defendant's Motion to Enforce Jury Verdict" (the "subject order"). Therein, the trial court agreed with the State that the "Jury Poll" did not constitute a verdict "as envisioned" by rule 3.440 because it "was not read aloud in the presence of the jury, and the parties did not have an opportunity to poll the jury on the greater offenses of attempted first and second-degree murder in open court." Nevertheless, the lower court agreed with Mackey's alternate argument, finding that "under <u>Blueford</u> . . . the jury poll here, while it did not constitute a verdict under the form of Rule 3.440, was an acquittal under Florida and federal

---

[2] Rule 3.440 provides:

> When the jurors have agreed upon a verdict they shall be conducted into the courtroom by the officer having them in charge. The court shall ask the foreperson if an agreement has been reached on a verdict. If the foreperson answers in the affirmative, the judge shall call on the foreperson to deliver the verdict in writing to the clerk. The court may then examine the verdict and correct it as to matters of form with the unanimous consent of the jurors. The clerk shall then read the verdict to the jurors and, unless disagreement is expressed by one or more of them or the jury is polled, the verdict shall be entered of record, and the jurors discharged from the cause. No verdict may be rendered unless all of the trial jurors concur in it.

jurisprudence, was final, and therefore bars retrial on the greater offenses of attempted first-degree murder and attempted second-degree murder." Finding that "retrial was prohibited" on those offenses, the lower court directed the State to file an amended information within ten days. Like Mackey's Motion, the subject order did not cite to any rule of criminal procedure authorizing consideration of Mackey's Motion.

3. *The instant petition for writ of certiorari*

On April 18, 2018, thirty days after the subject order was rendered below, the State filed in this Court the instant petition for writ of certiorari, seeking to quash the subject order. Therein, the State argues that it must seek review via certiorari, claiming that the subject order is not one of the enumerated appealable orders set forth in section 924.07(1) and rule 9.140(c).[3]

Mackey moved to dismiss the State's petition for untimeliness, arguing that the subject order is akin to an order "dismissing . . . an information" under section 924.07(1)(a) and rule 9.140(c)(1)(A), which must be appealed within fifteen days of the order's rendition. See Fla. R. App. P. 9.140(c)(3). This is because, Mackey claims, the subject order should be viewed as an order granting a Florida Rule of Criminal Procedure 3.190(c)(2)[4] *pre-trial* motion to dismiss the charged offense from the information on double jeopardy grounds.

―――――――――――――――――――

[3] The statute and rule read, in all material respects, the same.

7

The State responded to Mackey's motion to dismiss, arguing that the subject order is akin to an order granting a Florida Rule of Criminal Procedure 3.680[5] *post-trial* motion for judgment on an informal jury verdict. Treating the order in this manner, the State argues, it may seek review only through a petition for writ of certiorari.

On April 23, 2018, in an unelaborated clerk's order, this Court denied Mackey's motion to dismiss the instant petition. Mackey then filed a petition for writ of prohibition in the Florida Supreme Court, arguing that this Court was acting in excess of its jurisdiction by failing to dismiss the State's certiorari petition. See

---

[4] Rule 3.190, titled "Pretrial Motions," provides, in material respects:

(b) **Motion to Dismiss; Grounds.** All defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment or information, whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defense.

(c) **Time for Moving to Dismiss.** . . . [T]he court may at any time entertain a motion to dismiss on any of the following grounds:
     . . . .

(2) The defendant is charged with an offense for which the defendant previously has been placed in jeopardy.

Fla. R. Crim. P. 3.190(b), (c)(2).

[5] Rule 3.680 provides, in relevant part, that "[i]f a verdict is rendered from which it can be clearly understood that the jurors intended to acquit the defendant, a judgment of not guilty shall be rendered thereon even though the verdict is defective."

<u>Mackey v. State</u>, SC18-915. The Florida Supreme Court stayed the instant petition pending resolution of the prohibition petition before it.

On September 28, 2018, via clerk's order, the Florida Supreme Court denied Mackey's petition for writ of prohibition, and lifted the stay of the proceeding in this Court. The matter was then fully briefed before this Court and oral argument held.[6]

## II.    ANALYSIS

While the State urges us to reach the merits raised in its petition,[7] we reach the merits only *if* we have certiorari jurisdiction to review the subject order. <u>See</u>

---

[6] We reject the State's argument that the Florida Supreme Court's disposition of Mackey's petition for writ of prohibition in that tribunal is somehow "law of the case." The clerk's order dismissing the prohibition provides that Mackey "has failed to demonstrate that a lower court is attempting to act in excess of its jurisdiction." The order cites to <u>Mandico v. Taos Construction, Inc.</u>, 605 So. 2d 850 (Fla. 1992) and <u>English v. McCrary</u>, 348 So. 2d 293 (Fla. 1997), which, as relevant here, merely stand for the general proposition that "prohibition may not be used to divest a lower tribunal of jurisdiction to hear and determine the question of its own jurisdiction." <u>Mandico</u>, 605 So. 2d at 854. Nor does this Court's prior, unelaborated order denying Mackey's motion to dismiss the instant certiorari petition preclude this Court from reconsidering the issue now. "Under this court's long-standing practice, an order which denies a motion to dismiss the appeal without opinion is an interlocutory ruling which may be revisited by the merits panel." <u>State v. Bryant</u>, 901 So. 2d 381, 382 (Fla. 3d DCA 2005). It was, therefore, permissible, in his response to the State's certiorari petition, for Mackey to renew his argument that the instant proceeding is untimely. <u>Id.</u>

[7] That is, whether the "Jury Poll" filed below prohibits retrial of Mackey on the charges of attempted first degree premeditated murder and attempted second degree murder.

Bode v. State, 909 So. 2d 537, 537 (Fla. 2d DCA 2005). Hence, we must first decide the threshold question of whether the subject order is an appealable order under section 924.07(1) and rule 9.140(c)(1) for which appellate review must be sought within fifteen days of rendition, as required by rule 9.140(c)(3). If so, we must dismiss the State's petition because we cannot, under Florida Rule of Appellate Procedure 9.040(c),[8] treat the State's petition as an appeal where the petition was not timely filed. See Pacha v. Salfi, 381 So. 2d 373, 374 (Fla. 5th DCA 1980) ("The petition for writ of prohibition was not filed until [it was] too late for us to consider [the petition] as a proper appeal sought by an improper remedy pursuant to Fla. R. App. P. 9.040(c). If we entertain this petition for prohibition, we are extending to the petitioner the privilege of an untimely appeal."); see also State v. Bjorkland, 924 So. 2d 971, 975 (Fla. 2d DCA 2006) ("Certiorari is an original proceeding designed to provide extraordinary relief. It is not intended to provide review when an error can be repaired on appeal."). For the following reasons, we conclude that the subject order was an appealable order which we can review only if appealed within fifteen days of rendition; therefore, we must dismiss the State's petition because we lack jurisdiction to adjudicate its merits.

---

[8] Rule 9.040(c) provides that "[i]f a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy."

10

*1. Mackey's Motion is a pre-trial motion*

Both parties agree – and the record supports the notion – that, after the trial court, on October 25, 2017, discharged the jury and declared a mistrial, the case returned to a pre-trial posture. Immediately after the trial court declared a mistrial, the court set the case for "status," telling the parties to figure out a future trial date. Defense counsel asked the trial court to set a bond. The trial court agreed, set bail at $5000 and then adjourned the proceeding.

The trial court docket reflects that the following events then occurred: (i) in early November 2017, Mackey posted bond; (ii) in late November 2017, a witness list was filed; (iii) in early December 2017, an amended discovery exhibit was filed; (iv) a trial hearing was scheduled for late February 2018; and (v) on December 22, 2017, nearly two months after the trial court had declared the mistrial, defense counsel filed Mackey's Motion. All of these events denote *pre-trial* proceedings, which compel us to view Mackey's Motion as a pre-trial motion.

*2. This Court treats Mackey's Motion as a rule 3.190(c)(2) pre-trial motion*

Having determined that Mackey's Motion is a pre-trial motion, we next must decide what rule of criminal procedure authorized Mackey's Motion.

Rule 3.190(c)(2) expressly authorizes a defendant to file a pre-trial motion to dismiss criminal charges from an information on the ground that the information charges the defendant "with an offense for which the defendant previously has

been placed in jeopardy." Indeed, it appears this rule provides the exclusive procedural mechanism for a defendant to assert a double jeopardy challenge before trial.

While the State is correct that: (i) the title of Mackey's Motion, as well as the first issue raised therein, asked the trial court to treat the court-crafted "Jury Poll" as an actual jury verdict; (ii) Mackey's Motion failed to cite to rule 3.190(c)(2); and (iii) Mackey's Motion did not expressly ask that the information filed below be "dismissed," such frailties do not frustrate the substance of Mackey's Motion: challenging, on double jeopardy grounds, the State's ability to retry Mackey for attempted first degree premediated murder and attempted second degree murder. Because Mackey's Motion plainly asserts that retrying him on the offenses of attempted first degree premeditated murder and attempted second degree murder would violate double jeopardy, we have little difficulty treating Mackey's Motion as a rule 3.190(c)(2) motion, effectively seeking to dismiss the information on double jeopardy grounds. See State ex. rel. Sebers v. McNulty, 326 So. 2d 17, 18 n.1 (Fla. 1975) ("[C]haracterization [of a motion] when made is not as important as the legal effect at the time of ruling."); Castro v. State, 201 So. 3d 77, 77 (Fla. 3d DCA 2015) ("Florida courts emphasize substance over form. In essence, if the pleading is incorrectly labeled, this Court will focus on the substance of the pleading and not its title.") (citation omitted); State v. Hankerson,

482 So. 2d 1386, 1387 (Fla. 3d DCA 1986) (treating a "motion to reduce" as a motion to dismiss an information under rule 3.190(c)(4)); State v. Smulowitz, 482 So. 2d 1388, 1388-89 (Fla. 3d DCA 1986) (citing Hankerson, and treating a sworn motion to reduce a charge as a rule 3.190(c)(4) motion).

> 3. *Under Hankerson and Smulowitz, the "legal effect" of the subject order on Mackey's Motion determines the subject order's appealability*

Having determined that rule 3.190(c)(2) authorized Mackey's Motion, we next must decide whether this Court may treat the subject order as an order granting a rule 3.190(c)(2) motion, such that the notice of seeking appellate review of the subject order granting same must commence within fifteen days of its rendition. This Court's jurisprudence compels us to treat the subject order as such an order.

i. Hankerson

In Hankerson, this Court considered how, for appellate purposes, to treat an order granting the defendant's pre-trial "motion to reduce" the charge of robbery to theft. The trial court granted the motion because, "in the trial court's view, the facts . . . did not support a robbery prosecution." Hankerson, 482 So. 2d at 1387. The State appealed, arguing that this Court should treat the order under review as an order granting relief under rule 3.190(c)(4),[9] which is appealable by the State under section 924.07(1)(a) and rule 9.140(c)(1)(A). Id.

_____

[9] Rule 3.190(c)(4) permits the defendant to seek dismissal of charges within an

13

Because rule 3.190 does not, on its face, authorize a pre-trial "motion to reduce," the defendant argued that this Court should dismiss the State's appeal, claiming that an order granting a pre-trial "motion to reduce" was not one of the enumerated orders the State is entitled to appeal. Id. This Court disagreed, finding that, "[a]nalytically, an order reducing a charge set forth in the information or indictment to some lesser-included charge is, despite its label, an order dismissing the charge in the information." Id. This Court explained further that, "as is well established, the label a party gives to a motion does not control its legal effect or the appealability of an order disposing of the motion." Id. (citing McNulty, 326 So. 2d at 18, n.1).

ii.    Smulowitz

Similarly, in Smulowitz, which was released on the same day as Hankerson, this Court held that a pre-trial order dismissing the crime charged in an information and reducing the charge to a lesser included offense should be treated as "the functional equivalent of a dismissal of an information or any count thereof" under rule 3.190(c)(4), and is "accordingly appealable by the state under Section 924.07(1)." Smulowitz, 482 So. 2d at 1388-89; see also K.L. v. State, 626 So. 2d 1027, 1027 (Fla. 3d DCA 1993) (citing Hankerson, concluding that "the trial

information or indictment where "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant."

14

court's order, despite its label, was an order dismissing the charge in the petition for delinquency").[10]

### iii. The subject order

In the subject order granting Mackey's Motion, the trial court clearly stated that, while "no '*verdict*' occurred as envisioned by Florida Rule[] of Criminal Procedure 3.440," the "Jury Poll" was "an *acquittal*" under Blueford v. Arkansas that "bars retrial on the greater offenses of attempted first-degree murder and attempted second-degree murder." (Emphasis added). Moreover, though the trial court did not specifically state in the subject order that it was "dismissing" the

_____

[10] The State is correct that the Florida Supreme Court rejected this Court's application of Hankerson's "legal effect" methodology in Exposito v. State, 891 So. 2d 525 (Fla. 2004). But, in doing so, the Florida Supreme Court was careful to distinguish Hankerson, rather than to overrule it.

Exposito dealt with an order on a *post-trial* motion to reduce a criminal charge under Florida Rule of Criminal Procedure 3.620; while, as noted by the Florida Supreme Court, "Hankerson concerned a *pretrial* motion to reduce the charge under Florida Rule of Criminal Procedure 3.190(c)(4)." Id. at 529. Importantly, the Court determined that "because of the different procedural posture in Hankerson, . . . the Third District's reliance on that case [in Exposito] was misplaced." Id. The Court then went on to reject the State's arguments that the underlying order had the "legal effect" of granting a judgment of acquittal, and that the order was, therefore, appealable under section 924.07(1)(j). Id. at 531.

Although in light of Exposito, the Hankerson/Smulowitz "legal effect" methodology has since been called into doubt by the First District in the context of pre-trial orders purporting to dismiss an information, see State v. Odom, 24 So. 3d 1266 (Fla. 1st DCA 2009) (distinguishing Hankerson and Smulowitz on their facts), neither Hankerson nor Smulowitz have been overruled. The "legal effect" methodology, therefore, remains the established precedent in this district with respect to the appealability an order granting a criminal defendant's rule 3.190 pre-trial motion.

State's information, the trial court ordered the State to file an amended information not containing the attempted murder offenses of which, according to the trial court, the jury had previously "acquitted" Mackey. Hence, the subject order was the functional equivalent of a dismissal of the information on double jeopardy grounds. Indeed, on finding that "retrial was prohibited" on the two attempted murder offenses, the trial court directed the State to "file an amended information within 10 days of this order" with "[t]rial [to] be promptly scheduled after a new charging document is filed and the defendant arraigned." There would be no need for the State to file a new information containing just the offense of attempted manslaughter by act unless the trial court had effectively dismissed the information on double jeopardy grounds.[11]

For these reasons, notwithstanding its label as an "Order Granting Defendant's Motion to Enforce Jury Verdict," we conclude that the subject order had the legal effect of granting a rule 3.190(c)(2) motion to dismiss the information on double jeopardy grounds. As such, the subject order was appealable by the State under section 924.07(1)(a) and rule 9.140(c)(1)(A) as an order "dismissing . . . an information or any count thereof."

### III. CONCLUSION

---

[11] At oral argument, the State conceded that the subject order was neither a judgment nor a verdict.

We conclude that Mackey's Motion was, in relevant part, a rule 3.190(c)(2) pre-trial motion to dismiss the information on double jeopardy grounds. As such, the subject order expressly barring re-trial of Mackey on the offenses of attempted first degree premediated murder and attempted second degree murder on double jeopardy grounds was an appealable order under section 924.07(1)(a) and rule 9.140(c)(1)(A). The State, therefore, was required to seek appellate review of the order within fifteen days of its rendition. See Fla. R. App. P. 9.140(c)(3). Because the subject order was an appealable order, and, because the State did not file its petition within fifteen days after the subject order was rendered, we cannot treat the State's petition as an appeal. See Fla. R. App. P. 9.140(c)(3); Fla. R. App. P. 9.040(c). We therefore do not reach the merits of the State's petition, and express no opinion on its merits, because we are compelled to dismiss the petition for lack of jurisdiction.

Petition for writ of certiorari dismissed.