863 So.2d 380 (2003)
325 WEST ADAMS STREET, LTD., and Richard Minartz, Appellants,
v.
CITY OF JACKSONVILLE, a Municipal Corporation of the State of Florida, Appellee.
No. 1D02-4522.
District Court of Appeal of Florida, First District.
December 12, 2003.
Rehearing Denied January 23, 2004.
*381 Amy Brigham Boulris, Andrew Prince Brigham and Bruce B. Humphrey, Brigham Moore, LLP, Miami, for Appellants.
Richard A. Mullaney, General Counsel; Bruce Page Assistant General Counsel, Jacksonville, for Appellee.
POLSTON, J.
Appellants 325 West Adams Street, Ltd. and Richard Minartz appeal the trial court's order granting a new trial in an eminent domain case relating to property taken to build a courthouse. The trial court ordered a new trial after the jury rendered its verdict, based on allegations of juror misconduct. Appellee City of Jacksonville cross-appeals and asserts, as an alternative basis for granting a new trial, that the trial court erred by giving a jury instruction contrary to the law. Because we agree with the City of Jacksonville that the jury instruction was in error, we affirm the trial court's order granting the new trial without addressing the ruling on juror misconduct.
Appellants proposed the following jury instruction regarding anticipated increases in value, entitled "Anticipation of the New Downtown County Courthouse Project":
Fair market value, which you may use to determine the award to the owners, may reflect an increase in value due to the anticipation of the new downtown county courthouse project in combination with other diverse influences or market forces in the subject neighborhood. The owners of the property taken are entitled to such increase even if occurring after the new downtown county courthouse is announced to the public.
The trial court read this proposed instruction to the jury, except for the last sentence. In closing arguments, the appellants argued that the jury "can consider the increase in value due to the public announcement of this project, this project, the new courthouse."
The jury instruction given is contrary to the applicable eminent domain statutory language:
Any increase or decrease in the value of any property to be acquired which occurs after the scope of the project for which the property is being acquired is known in the market, and which is solely a result of the knowledge of the project location, shall not be considered in arriving at the value of the property acquired. For the purpose of this section, *382 the scope of the project for which the property is being acquired shall be presumed to be known in the market on or after the condemnor executes a resolution which depicts the location of the project.
Section 73.071(5), Fla. Stat. (2002). Reading the jury instruction as given constitutes reversible error because it is misleading and an erroneous statement of the law. See Mogavero v. State, 744 So.2d 1048, 1050 (Fla. 4th DCA 1999).[1] Accordingly, on remand, we direct the trial court to give an instruction in accordance with section 73.071(5).
AFFIRMED and REMANDED for a new trial with directions.
BROWNING and HAWKES, JJ., concur.
NOTES
[1] There is no conflict between section 73.071(5) and Department of Transportation v. Nalven, 455 So.2d 301 (Fla. 1984). In Nalven, the Florida Supreme Court ruled that the increase in property values could be considered, but only the probable alignment of the project (1-75) in Manatee County was known. Id. at 308. Section 73.071(5) prohibits increased or decreased value resulting from anticipation of the actual project location, not just a generally known area as in Nalven. Therefore, section 73.071(5) is consistent with, not contrary to, judicial determinations of full and just compensation. See e.g., State Road Dep't v. Chicone, 158 So.2d 753 (Fla.1963)(holding that a decrease in property value as a result of the prospect of condemnation cannot be properly considered in arriving at full and just compensation).