926 So.2d 404 (2006)
ALLISON TRANSMISSION, INC., Appellant,
v.
J.R. SAILING, INC., Appellee.
No. 2D05-1425.
District Court of Appeal of Florida, Second District.
March 3, 2006.
Rehearing Denied May 2, 2006.
*405 David B. Shelton, Charles P. Mitchell, and Steven I. Klein of Rumberger, Kirk & Caldwell, Orlando, for Appellant.
Patrick S. Cousins of Cousins Law Firm, P.A., West Palm Beach, for Appellee.
DEMERS, DAVID A., Associate Judge.
This appeal is from a final judgment in which J.R. Sailing, Inc. (Sailing), was awarded a refund against Allison Transmission, Inc. (Allison), pursuant to the Motor Vehicle Warranty Enforcement Act (the Act), Chapter 681, Florida Statutes (1999), popularly referred to as the "Lemon Law." Allison, a subsidiary of General *406 Motors Corporation, contends it is entitled to a new trial because of certain jury instructions given by the trial court over its objections and because the trial court overruled its objections to closing argument of Sailing's counsel. We agree with Allison and reverse.
Sailing is a closely held corporation formed by Francis and Joyce Regan apparently for the sole purpose of taking title to their thirty-eight-foot recreational vehicle (RV), which they purchased in 1999, from a dealer at a price of $158,745. Allison's only contribution to the manufacture of the RV was the transmission. Some weeks after the purchase, the Regans noticed a noise emanating from the transmission which Mr. Regan described as "serious," "substantial," and "loud enough to impair the value of the vehicle." After several complaints by Sailing and corresponding unsuccessful attempts by Allison to alleviate the condition to Sailing's satisfaction, the parties went to arbitration pursuant to section 681.1095(4) of the Act. Section 681.104(2)(a) requires the manufacturer to conform the motor vehicle to the warranty or repurchase the vehicle. The principal issue at arbitration was whether the vehicle had a "nonconformity" as defined in section 681.102(16), i.e., "a defect or condition that substantially impairs the use, value, or safety of a motor vehicle."
If a consumer loses at arbitration, section 681.1095(12) provides that the consumer may file a civil action in circuit court and receive a trial de novo. In this case, the arbitrators decided that there was no transmission defect or nonconformity for which Allison was responsible. The arbitrators attributed the problem to the engine, which was not manufactured by Allison. Sailing then brought suit against Allison in the circuit court seeking its Lemon Law remedies in addition to damages under several other breach of warranty claims. The other breach of warranty claims were decided by the jury in favor of Allison and are not involved in the instant appeal.
During the trial, both parties offered expert testimony in an effort to convince the jury that there was, or was not, a "nonconformity," as defined in the statute. A manager of an RV dealership testified on behalf of Allison that the noise would not have reduced the value of the vehicle and that he would have accepted the vehicle as a trade. Mr. Regan, one of the principals of Sailing, testified that after many work orders and two transmission changes, the noise was still evident and was "annoying" and "unacceptable." With regard to the value of the vehicle, he testified it's "worth zero to me the way it is, but if you had to put a value on it, $20,000, $15,000, whatever." Urged by his counsel to specify a value, he settled on $15,000. He also testified that the RV had been stored for many months because he and his wife were afraid to use it.
During rebuttal closing argument, Sailing's counsel referred to Mason v. Porsche Cars of North America, Inc., 688 So.2d 361 (Fla. 5th DCA 1997), a Lemon Law case in which the Fifth District reversed a trial court's directed verdict in favor of the manufacturer, Porsche. The plaintiff, Mason, testified at the trial that the vehicle's problems substantially impaired its use and value to him. His mechanic, David White, testified as an expert that the condition of the transmission was "annoying" and "unacceptable." Id. at 369. In reversing the directed verdict of the trial court, the Fifth District stated that the testimony of Mason and White "is competent evidence of substantial impairment of use." Id. In the instant case, Sailing's counsel was permitted, over objection, to argue to the jury that "annoying and unacceptable" was the standard for determining *407 a nonconformity and that the judge would instruct them accordingly.
The Mason decision was not part of the evidence, and counsel's argument was not fair commentary. Improper closing argument may be grounds for granting a new trial. See Carlton v. Johns, 194 So.2d 670 (Fla. 4th DCA 1967). Here, counsel's closing argument was improper and exacerbated by the trial court's instruction to the jury. The trial court instructed the jury, over Allison's objection, as follows:
Nonconformity means a defect or condition that substantially impairs the use, value or safety of a motor vehicle, but does not include a defect or condition that results from an accident, abuse, neglect, modification or alteration of the motor vehicle by persons other than the manufacturer or its authorized service agent. A condition that is annoying or unacceptable to the owner can be evidence that the defect substantially impairs it use, value or safety.

(Emphasis added). While the first sentence of the instruction is simply a repetition of the statutory language of section 681.102(16), the final sentence of the instruction was a product of the Mason court's language quoted above and was a clear emphasis of some of the evidence to the exclusion of other competing evidence. Allison reminds us of the Third District's admonition in Sarduy v. State, 540 So.2d 203, 205 (Fla. 3d DCA 1989), that "[p]assages from appellate opinions, taken out of context, do not always make for good jury instructions."
There are several significant factual distinctions between the Mason case and the instant case, but the key distinction is procedural: the Mason court was overruling the trial court's directed verdict in favor of Porsche because Mason had presented sufficient evidence of a nonconformity for the issue to go to the jury. The court stated that "[w]hen viewed in the most favorable light, the above-discussed testimony of Mason and White was sufficient to establish that the alleged general problem, i.e. the shudder, constituted a nonconformity." Mason, 688 So.2d at 368. When the Fifth District reversed and remanded it was directing only that the evidence be presented to the jury along with other competing evidence, not expressing a conclusion that a nonconformity had in fact been established. Once evidence is admitted, it is uniquely the province of the jury, not the trial court, to determine its weight and credibility. Tynan v. Seaboard Coast Line R.R. Co., 254 So.2d 209 (Fla.1971); Beard v. State, 104 So.2d 680 (Fla. 1st DCA 1958). "In ruling on [a motion for directed verdict], a trial court may not pass on the credibility of witnesses or weigh competing evidence." Stringer v. Katzell, 674 So.2d 193, 195 (Fla. 4th DCA 1996).
Here, the trial court chose to highlight particular evidence in its instruction to the jury. This was error, especially since there was conflicting evidence on the issue. See Fenelon v. State, 594 So.2d 292 (Fla.1992) (holding that it was error to emphasize evidence of flight by giving a jury instruction on the significance of flight). The trial court chose to emphasize to the jury only the subjective opinion of Sailing's witness, Mr. Regan. Furthermore, the trial court's instruction was confusing to the juryeven more so because it seemed to cast judicial approval on counsel's final argument. The jury could have believed that once Sailing introduced evidence that the transmission was "annoying or unacceptable to the owner," that was all it needed to find a "nonconformity" in the transmission and that it did not need to consider Allison's conflicting evidence. An instruction that emphasizes some particular *408 evidence or which tends to confuse the jury and cause them to arrive at a conclusion that otherwise they would not have reached is cause for reversal and a new trial. Collins Fruit Co. v. Giglio, 184 So.2d 447 (Fla. 2d DCA 1966); 325 W. Adams St., Ltd, v. City of Jacksonville, 863 So.2d 380 (Fla. 1st DCA 2003), review denied, 876 So.2d 562 (Fla.2004); Sw. Ins. Co. v. Stanton, 390 So.2d 417 (Fla. 3d DCA 1980).
This court must address another issue. It deals with the Lemon Law statute, which provides in section 681.104(2)(a):
If the manufacturer ... cannot conform the motor vehicle to the warranty by repairing or correcting any nonconformity after a reasonable number of attempts, the manufacturer, within 40 days, shall repurchase the motor vehicle and refund the full purchase price to the consumer, less a reasonable offset for use . . . . The refund or replacement must include all reasonably incurred collateral and incidental charges. However, the consumer has an unconditional right to choose a refund rather than a replacement motor vehicle. Upon receipt of such refund or replacement, the consumer, lienholder, or lessee shall furnish to the manufacturer clear title to and possession of the motor vehicle.
The trial court instructed the jury on the foregoing statutory remedy, including the mandate that the consumer "shall furnish" title and possession to the manufacturer upon receipt of the refund. Allison contends that the jury should have clearly provided that it was entitled to title and possession, while Sailing argues that the jury could have awarded it both the refund and the title to the vehicle as "damages," citing King v. King Motor Co., 780 So.2d 937 (Fla. 4th DCA 2001). But King is inapposite because, in that case, the Fourth District decided only the narrow question of whether a consumer had to furnish clear title to and possession of a motor vehicle in order to bring a circuit court action for "damages" under section 681.112. The court held that section applied only in "circumstances where a refund or replacement is not an option." Id. at 941. That is not the circumstance presented here. The evidence here is that the RV has been stored for some time so there is nothing to prevent the tender of title and possession.
The law clearly mandates tender of title and possession in this case. The jury awarded a "total refund" to Sailing of $165,000, which presumably included "reasonably incurred collateral and incidental charges." The verdict form did not provide for furnishing clear title and possession of the RV to Allison, nor did it purport to make such an award to Sailing. However, the statute is mandatory that the consumer "shall furnish" title and possession upon receipt of the refund. Thus neither the trial court nor the jury had the discretion to award title and possession to Sailing in addition to a refund. The statutory scheme is clear. The manufacturer must "repurchase" and "refund," upon which occurrence the consumer "shall furnish" title and possession. If, following a new trial, the verdict is again in favor of Sailing, the trial court is directed to order that the statutory mandate requiring the tender of title and possession upon payment of the refund is carried out.
Reversed and remanded for a new trial.
FULMER, C.J., and NORTHCUTT, J., Concur.