# Third District Court of Appeal

## State of Florida

Opinion filed November 2, 2016.

————————————

No. 3D15-1849
Lower Tribunal No. 11-25865

————————————

**The State of Florida,**
Appellant,

vs.

**Darrell Smith,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Diane V. Ward, Judge.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Howard K. Blumberg, Special Assistant Public Defender, and Oscar A. Quintero, Certified Legal Intern, for appellee.

Before ROTHENBERG, LAGOA, and LOGUE, JJ.

LOGUE, J.

*ON MOTION FOR REHEARING*

We grant the State of Florida's motion for rehearing, withdraw our opinion dated July 27, 2016, and issue the following opinion in its stead.

The State appeals a decision labeled "Order Declaring Mistrial." Given the trial court did not issue its decision until more than a month after the jury was discharged and the verdict was rendered by being filed in the clerk's records, the decision is actually an order granting a new trial. See Keene Bros. Trucking v. Pennell, 614 So. 2d 1083, 1085 (Fla. 1993) ("[W]hen the judge reserves ruling on a mistrial motion until after the trial, or the motion is not made until after the discharge of the jury, then the motion must be considered a motion for new trial."). Section 924.07(1)(b), Florida Statutes, therefore, provides the State authority to appeal. See State ex rel. Sebers v. McNulty, 326 So. 2d 17, 18 (Fla. 1975) ("Although the motion was denominated a motion for mistrial, correctly labeled at the time it was made during the course of trial, it was in legal effect when ruled upon a motion for new trial. As such, the order was appealable."). State v. Fudge, 645 So. 2d 23 (Fla. 2d DCA 1994), which held that the State cannot appeal a judgment of acquittal on a count of an indictment on which the jury deadlocked, is inapposite because it did not involve setting aside a verdict after the verdict was rendered and the jury was discharged.

Turning to the merits, we hold that no abuse of discretion occurred in granting the new trial. See generally State v. Williams, 478 So. 2d 412, 413 (Fla.

2

3d DCA 1985) ("It is a well-established rule of law that the trial judge has wide discretion in the matter of granting or denying motions for new trial and that an appellate court will not overturn such a ruling unless some abuse of discretion is shown.").

Finally, we note that the verdict form caused some confusion with the jury. A simple solution to this problem may exist:

> First, trial courts should rely solely on the core or substantive offense in determining the order of lesser included offenses on a verdict form. Second, trial courts should provide an interrogatory separate from the verdict form for the core or substantive offenses for the jury to determine the existence of circumstances that can result in mandatory minimum sentences, sentence enhancements, or offense reclassifications.

Sanders v. State, 944 So. 2d 203, 207 (Fla. 2006) (Pariente, J., concurring). Judge Emas cogently explained the benefits to this approach:

> I would urge the trial courts to follow the recommendation of Justice Pariente in her concurring opinion in Sanders, 944 So. 2d at 208-09, and provide juries with individual verdict forms that permit separate consideration of, and verdicts for, the core substantive offense and for the jury's distinct determination of any fact necessary for reclassification or imposition of a mandatory minimum sentence. In doing so, we conserve our precious judicial resources, preserve the labor and lawful determinations of a unanimous jury, and thereby advance the proper administration of justice.

Staten v. State, Case No. 3D15-1130 (Fla. 3d DCA Sept. 21, 2016) (Emas, J., concurring). During the new trial, the trial court is at liberty to consider this approach.

3

Affirmed.

LAGOA, J., concurs in result only.