# Third District Court of Appeal

## State of Florida

Opinion filed April 25, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1994
Lower Tribunal No. 10-45478

_____

## R.J. Reynolds Tobacco Company,
Appellant,

vs.

## Patsy Elaine Davis, as Personal Representative of the Estate of Booker Terry Davis, deceased,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Jones Day, Donald B. Ayer (Washington, DC), and Charles R.A. Morse (New York, NY); Carlton Fields Jorden Burt, P.A., Benjamine Reid, and Jeffrey A. Cohen, for appellant.

Freidin Brown and Philip Freidin; The Mills Firm, P.A., John S. Mills and Courtney Brewer (Tallahassee); The Alvarez Law Firm and Alex Alvarez; David J. Sales (Jupiter), for appellee.

Before EMAS, FERNANDEZ, and LUCK, JJ.

FERNANDEZ, J.

R.J. Reynolds Tobacco Company appeals the trial court's decision to grant a new trial in the underlying wrongful death tobacco case. We find the trial court abused its discretion in ordering a new trial. We thus reverse the trial court's order and remand the case for entry of judgment for R.J. Reynolds in accordance with the jury's verdict. In addition, we vacate the trial court's show-cause order.

The plaintiff, Patsy Elaine Davis, is the personal representative of the estate of her deceased husband, Booker Terry Davis. Davis sued R.J. Reynolds for Booker's wrongful death. Davis contended that Booker was a member of the class certified in Engle v. Liggett Group, Inc., 945 So. 2d 1246 (Fla. 2006), alleging that Booker contracted lung cancer in 1994, as a result of his addiction to cigarettes manufactured by R.J. Reynolds, and that he consequently died in 1997.

At trial, Davis had to prove that Booker was a member of the Engle class; he was required to show that he was addicted to smoking and that this was a legal cause of his injuries. In order to prove this, Davis provided her own testimony, as well as the deposition testimony of an addiction expert. R.J. Reynolds countered this testimony by calling its own addiction expert, Dr. Debra Barnett, to testify that Booker was not addicted to cigarettes.

Davis claims that at trial, during an examination of Dr. Barnett, R.J. Reynolds's counsel referred to the outcome of another tobacco case, Fanali v. R.J. Reynolds Tobacco Co., No. 50 2008 CA 000800 (Fla. 15th Cir. Ct. 2015), which

prejudicially affected the jury's verdict. During cross-examination, Davis's counsel questioned Dr. Barnett's credibility regarding her opinion that Booker was not addicted to nicotine because, in Fanali, Dr. Barnett testified that a smoker who smoked five packs of cigarettes per day was not addicted. This exchange took place:

> Q: And in all those cases [in which you previously testified], those are cases where you found that there was no addiction; correct?
> A: Yes, that is true.
> …
> Q: Okay. And all of them—well, what's the least amount of smoking in any of those cases?
> A: I'm not sure if I could accurately recall over all of these years, but—
> Q: Okay.
> A: —I—I believe that in one of the cases perhaps half a pack per day.
> …
> Q: Okay. What's the most you have?
> [Reynolds' Counsel]: Objection, Your Honor, relevance.
> The Court: Overruled.
> A: The most amount? Five packs per day.
> Q. Five packs a day, and you found that he wasn't addicted?
> A: That's correct.
> Q: Wow. Five packs a day is – what is that, a hundred cigarettes a day; am I right?

R.J. Reynolds then attempted on redirect to rehabilitate Dr. Barnett after Davis's counsel attacked her credibility. Thus, on its redirect examination of Dr. Barnett, the following exchange took place:

> Q: You—you were asked questions about other cases including cases in which you have analyzed smokers who smoked up to five packs a day, do you remember that?

3

A: That was the highest. I was asked what was the highest. That was the highest.

Q: And, in fact, you told the jury that you actually, under a DSM analysis using your forensic psychiatry, that you concluded that smoker was not addicted; right?

A: That is correct.

Q: And you testified in the trial, a trial of that case, to that effect; right?

A: That is correct.

Q: And the jury agreed with you in that?

[Plaintiff's Counsel]: Judge.

The Court: Sustained.

[Plaintiff's Counsel]: You know, I would like to make a motion.

Davis's counsel objected, and the trial court sustained the objection. Thus, Dr. Barnett never answered the question. Dr. Barnett was excused.

Davis then moved for a mistrial based on the question R.J. Reynolds asked Dr. Barnett regarding his testimony in a previous, unrelated case, and based on the acts of misconduct Davis alleges R.J. Reynolds's counsel committed during trial. The trial court reserved ruling on whether a new trial was warranted until after the jury returned its verdict.

After the five-day trial, the jury returned a verdict that Booker's lung cancer and death was caused by his addiction to the nicotine in cigarettes. In answer to the first question on the verdict form, "Was Booker Davis addicted to cigarettes containing nicotine, and if so, was such addiction a legal cause of his lung cancer and death?", the jury answered, "Yes." However, the jury also found that smoking R.J. Reynolds's cigarettes was not the legal cause of Booker's lung cancer and

death. They answered, "No," to the second question on the verdict form, "Was smoking cigarettes manufactured by R.J. Reynolds a legal cause of Mr. Davis's lung cancer and death?" The trial court granted Davis's motion for a mistrial due to R.J. Reynolds's "premeditated, willful, and egregious" conduct "designed to influence the jury's perception on a core issue presented in the case." The trial court also entered an order to show cause and ordered R.J. Reynolds to demonstrate why it should not impose sanctions on it. The trial court's "Order Granting Motion for Mistrial and Order to Show Cause" was issued after the jury was discharged. R.J. Reynolds now appeals, as the trial court's order was effectively an order granting a new trial and is thus appealable. State v. Smith, 206 So. 3d 92, 93 (Fla. 3d DCA 2016).

When a trial court grants a motion for a new trial, the court must specify its reasons. Wackenhut Corp. v. Canty, 359 So. 2d 430, 435 (Fla. 1978); Rule 1.530(f), Fla. R. Civ. P. In the case before us, the trial court did just that; he complied with rule 1.530(f) when he listed in the order under review the question asked to Dr. Barnett about the Fanali case as the reason for which he was granting the motion for a new trial. He specifically stated in the order that the "highly prejudicial and inflammatory" information introduced by R.J. Reynolds's counsel, "which revealed to the jury the existence of a prior favorable defense verdict, regarding the issue of nicotine addiction, which was reached in a different tobacco

5

case" was so prejudicial that "it had a sweeping impact on the jury and affected the trial's outcome." In addition, the court cited to established Florida case law for the proposition that it is improper for "counsel in a civil case to call to the jury's attention the results of a former trial involving the same type of case."[1] The trial court went on to state, "[T]his Court finds that counsel's intentional references and deliberate comments revealing the impressions of another jury on cigarette consumption and nicotine addiction was highly prejudicial to the Plaintiff."[2] The trial court's reason for granting a new trial with regard to this specific ground was

---

[1] See, e.g., Allison Transmission, Inc. v. J.R. Sailing, Inc., 926 So. 2d 404, 407 (Fla. 2d DCA 2006); Carroll v. Dodsworth, 565 So. 2d 346 (Fla. 1st DCA 1990); Wright & Ford Millworks, Inc. v. Long, 412 So. 2d 892 (Fla. 5th DCA 1982).

[2] The trial judge also stated in his order: "In addition, although these remarks alone are sufficient to warrant a new trial, the Court will not ignore other behaviors, on the part of the defense, whose cumulative effect denied Plaintiff the right to a fair trial. This includes statements made by the defense during opening and closing arguments." He then did not go on to identify the specific instances of such misconduct by proper reference to the record. As RJ Reynolds correctly contends, the "Tipsy Coachman" doctrine cannot be used to affirm the trial court's order granting the new trial, as it is not applicable in an appeal from an order granting a new trial. Jones v. Atkinson, 974 So. 2d 573, 577 (Fla. 1st DCA 2008). Our independent review of the record does not support a finding of egregious misconduct on the part of RJ Reynolds's counsel that warrants overturning the jury's verdict and conducting a new trial on the alternate basis articulated by the trial judge; i.e., cumulative effect of the conduct of RJ Reynolds's counsel. And it would appear that the trial court did not see such instances of misconduct by RJ Reynolds's counsel during the trial as egregious either, otherwise he surely would have intervened. See Rodriguez v. State, 210 So. 3d 750, 757 (Fla. 5th DCA 2017); Borden v. Young, 479 So. 2d 850, 852 (Fla. 3d DCA 1985).

very clearly explained in the order. Thus, compliance with rule 1.530(f) was satisfied and is not an issue here.

However, we find that the trial court abused its discretion in ordering a new trial based on R.J. Reynolds's counsel's reference to the <u>Fanali</u> verdict. It is clear from the jury's verdict that they disregarded the expert witness testimony on addiction, so there is no reasonable probability that the objectionable question was so prejudicial or that it had any effect on the jury's verdict. The verdict form first asked, "Was Booker Davis addicted to cigarettes containing nicotine, and if so, was such addiction a legal cause of his lung cancer and death?" The jury replied, "Yes." The second question on the verdict form asked, "Was smoking cigarettes manufactured by Reynolds a legal cause of Mr. Davis's lung cancer and death?" The jury rendered a verdict for R.J. Reynolds when they replied, "No," to this question. As such, it is clear Dr. Barnett's testimony and R.J. Reynolds's counsel's question to her did not have any effect on the jury's verdict, as her testimony and R.J. Reynolds's question to her was not related in any way to the issue of the brand of cigarettes that caused Booker's lung cancer and death. The trial court thus abused its discretion in granting a new trial because the record does not support the trial court's reason for granting a new trial. <u>See Philip Morris USA, Inc., v. Danielson</u>, 224 So. 3d 291 (Fla. 1st DCA 2017).

Accordingly, we reverse the trial court's order granting a new trial and remand the case to the trial court with instructions to enter judgment for R.J. Reynolds in accordance with the jury's verdict. Because Davis does not have to prepare for a new trial, we vacate the show-cause order.

Reversed and remanded with instructions.